21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EGH INC., an Oregon corporation, doing business as
Eastmoreland Hospital, Plaintiff-Appellant,
v.
BLUE CROSS AND BLUE SHIELD OF OREGON, an Oregon nonprofit
corporation, Health Maintenance of Oregon, Inc., a
for-profit corporation, and Sisters of Providence in Oregon,
an Oregon corporation doing business as Providence Milwaukie
Hospital, Providence Hospital of Portland, and St. Vincent
Hospital and Medical Center, Defendants-Appellees.
 No. 92-36645.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 3, 1994.
Decided April 7, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 EGH, Inc., ("EGH") a for-profit hospital in Portland, appeals the district court's summary judgment holding that Blue Cross and Blue Shield of Oregon ("BCBSO"), Health Maintenance of Oregon, Inc. ("HMOO") a wholly-owned subsidiary of BCBSO, and Sisters of Providence in Oregon ("SOP"), which operates not-for-profit hospitals, did not violate the Sherman Act (15 U.S.C. Secs. 1 and 2) by excluding EGH from BCBSO's Preferred Provider Plan ("PPP"). EGH also appeals the dismissal of its pendent state law claims for interference with business relations. The court of appeals reviews the district court's entry of summary judgment de novo. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1466 (9th Cir.1986). We agree with the trial court on all counts and affirm.
 
 I.
 
 4
 The Conspiracy to Monopolize Claims.
 
 
 5
 Section 1 of the Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations is declared to be illegal." 15 U.S.C. Sec. 1. To establish a claim under Sec. 1, the plaintiff must show that: 1) there was a contract, combination, or conspiracy; 2) the agreement unreasonably restrained trade under either a per se rule of illegality or a rule of reason analysis; and 3) the restraint affected interstate commerce. T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 632-33 (9th Cir.1987).
 
 
 6
 The first requirement of a "contract, combination or conspiracy" has been interpreted as requiring "concerted action." Thus unlike Sherman Act section 2 actions, Section 1 does not reach the unilateral actions of individuals or firms acting alone. Rather, an actual concert of action between at least two legally separate persons or entities must first be demonstrated. See, e.g., Fisher v. City of Berkeley, 475 U.S. 260 (1986) (series of unilateral actions mandated by a municipal ordinance were not "concerted" action proscribed by Section 1); Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752 (1984) (alleged conspiracies between a corporation and its officers, employee, division or wholly owned subsidiaries entail merely "unilateral action" not subject to section 1).
 
 
 7
 It is thus clear that, as the trial court correctly noted, any agreements as between BCBSO and any of its subsidiaries (e.g., HMOO or Preferred Care) or between SOP and any of its subsidiaries (e.g., Vantage or the Good Health Plan), are not subject to section 1 scrutiny. The relevant conduct in this case revolves around the conduct of BCBSO and SOP.
 
 
 8
 As to the section 1 claims against BCBSO and SOP, EGH merely puts forth weak circumstantial evidence of conspiratorial behavior, alleging, among other grounds, that a conspiracy is "economically plausible," BCBSO and SOP have a minority of interlocking directors on their boards, and BCBSO's and SOP lobbied against legislation which would support EGH's position. None of plaintiff's assertions, individually or collectively, are sufficient to support a finding of conspiracy between BCBSO and SOP. The trial court correctly denied EGH's section 1 claim as a matter of law for failure to make a sufficient showing of the existence of a conspiracy.[1] The conspiracy to monopolize claim under section 2 of the Sherman Act fails for the same reasons.
 
 III.
 
 9
 The Attempted Monopolization Claim.
 
 
 10
 As to EGH's section 2 attempted monopolization claim, as an initial threshold, a section 2 plaintiff must make a showing of the relevant market and of a realistic probability that the defendants could achieve monopoly power. Spectrum Sports, Inc. v. McQuillan, No. 91-10 (U.S. January 25, 1993). Spectrum Sports clarified the intra-circuit confusion within the Ninth Circuit regarding the analysis for a section 2 attempted monopolization claim. Reversing the Ninth Circuit, the Supreme Court noted:
 
 
 11
 We hold that petitioners may not be liable for attempted monopolization under Sec. 2 of the Sherman Act absent proof of a dangerous probability that they would monopolize a particular market and specific intent to monopolize. In this case, the trial instructions allowed the jury to infer specific and dangerous probability of success from the defendants predatory conduct, without any proof of the relevant market or of a realistic probability that the defendants could achieve monopoly power in that market.
 
 
 12
 Id. (slip op. at 12). The trial court found that EGH did not sufficiently allege SOP's market power to exclude competition or control prices for purposes of its section 2 attempted monopolization claim. It further found that even if EGH had alleged enough facts to support SOP's market power, EGH would still fail on its showing of SOP's specific intent to control prices, restrain competition or engage in predatory or anticompetitive conduct. We agree. EGH has not shown SOP possesses sufficient market power or a realistic probability of monopolization of the market. EGH's section 2 claim for attempted monopolization fails.
 
 III.
 
 13
 The Exercise of Supplemental Jurisdiction.
 
 
 14
 Having properly dismissed all of EGH's federal claims, the trial court properly exercised its discretion under 28 U.S.C. Sec. 1367(c) in declining to exercise its supplemental jurisdiction over EGH's state law tortious interference claim.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, Sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We further reject outright EGH's arguments that the alleged conduct constitutes a "per se" illegal restraint of trade. "Per se" analysis treats certain practices as being so plainly anticompetitive and without redeeming virtue as to be conclusively unreasonable. See, e.g., United States v. Socony-Vacuum Oil Co., 310 U.S. 150 (1940). Practices considered per se illegal include: 1) Horizontal agreements to fix prices; 2) vertical agreements to fix prices; 3) horizontal territorial, customer and other market allocations; 4) certain competitively motivated group boycotts. Other concerted activities may be brought under the per se analysis if shown to have a particularly "pernicious effect on competition" and to lack "any redeeming virtue." Northern Pacific Ry. Co. v. United States, 356 U.S. 1, 5 (1958). Plaintiff cannot prove any of these activities, let alone concerted action. This situation does not merit per se treatment